DAVID B. GOLUBCHIK (SBN 185520)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>JAMES ALEXANDER,<br><br>    Debtor. | Case No.: 1:21-bk-10214-MB<br><br>Chapter 7<br><br>**DEBTOR'S SUPPLEMENT TO OPPOSITION TO REQUEST TO TRANSFER OF VENUE**<br><br><u>Hearing:</u><br>Date: March 23, 2021<br>Time: 1:30 p.m.<br>Courtroom: 21041 Burbank Boulevard,<br>              Woodland Hills, CA 91367<br>              Courtroom 301 |

1

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

James Alexander, the Chapter 11 debtor and debtor in possession herein ("Debtor"), hereby files his Supplement in support of the Debtor's Opposition to the request to transfer of venue sought by the bankruptcy estates of Cred, Inc. ("Cred") and Cred Capital, Inc. ("Cred Capital" and collectively with Cred, the "Cred Debtors").

Shortly after the commencement of this case, the Cred Debtors filed their motion for relief from the automatic stay and for a transfer of venue (the "Motion"), which the Debtor opposed [Docket No. 46].  At the expedited hearing on the Motion, this Court advised the Cred Debtors that there is no basis to grant a transfer of venue on an emergency basis and that the Court will continue the hearing to March 23, 2021 to allow the parties to supplement the request.

The Supplement file by the Cred Debtors attempts to confuse the issues and muddy the waters, ignoring the simple factual reality that this case was properly filed in the Central District of California and belongs in this district, especially based on the fact that a Chapter 7 trustee has been appointed herein and has commenced the process of administering the estate for the benefit of all creditors.

The supplement filed by the Cred Debtors essentially makes one argument – based on pending litigation between the Cred Debtors and the Debtor, and the actions filed in the Delaware court, this case should be transferred to Delaware.  Such an argument fails. The relationship between the Cred Debtors and the Debtor is a simple debtor-creditor relationship. The Cred Debtors, pre-petition creditors of the Debtor, assert certain wrongdoing by the Debtor and damages resulting therefrom.  Such damages, if any, can simply be documented through a proof of claim process which, unless objected to, will be deemed to be an allowed claim.

The issue of ownership of the "Cred Assets" is similarly a red herring.  This Court has

already granted relief from the automatic stay to allow the Delaware bankruptcy court to address this issue.  Transferring this case to Delaware will not help address or resolve this issue.

A debtor's choice of forum is entitled to great weight if venue is proper.  <u>In re Enron</u>, 274 B.R. 327, 342 (Bankr.S.D.N.Y.2002); <u>In re Delaware and Hudson RR, Co.</u>, 96 B.R. 469, 473 (D.Del.1988) *aff'd*, 884 F.2d 1383 (3d Cir. 1989).  "Transferring venue of a bankruptcy case is not to be taken lightly."  <u>In re Enron</u>, 274 B.R. at 342; <u>see</u> <u>also</u> <u>Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)</u>, 596 F.2d 1239, 1241 (5th Cir.1979).  Consequently, "[w]here a transfer would merely shift the inconvenience from one party to the other, or where after balancing all the factors, the equities leaned but slightly in favor of the movant, the [debtor's] choice of forum should not be disturbed."  <u>In re Enron</u>, 274 B.R. at 342-343.

Here, the Debtor chose to file in the Central District of California.  The Debtor is a resident of California and has lived here for over a decade.  The Debtor's real property is located in California.  The Debtor's personal property is located in California.  The Debtor's banking and financial creditors are located in California. The Debtor determined that the filing in the current venue is necessary, proper and in the best interest of all creditors.  Finally, upon conversion to Chapter 7, a Central District of California panel trustee has been appointed and has commenced administration of the Debtor's bankruptcy case.

In addition to placing "great weight" on a debtor's choice of venue, courts consider the following factors to determine whether to transfer a bankruptcy case: (i) the proximity of creditors to the Court; (ii) the proximity of the debtor to the Court; (iii) the proximity of witnesses necessary to the administration of the estate; (iv) the location of the debtor's assets; (v) the economic administration of the estate; and (vi) the necessity for ancillary administration if liquidation should result.  <u>In re Enron</u>, 274 B.R. at 343.  The factor given the most weight is the

promotion of the economic and efficient administration of the estate.  Id.  Contrary to Cred Debtors' skewed analysis of these factors, these factors weigh heavily toward retention of venue in California.

1. The relationship between the Debtor and the Cred Debtors is simply a debtor (Debtor) – creditor (Cred Debtors) relationship.  All of the cryptocurrency assets in the Debtor's possession, custody or control have been turned over or being turned over.  Debtor has no ongoing business relationship with the Cred Debtors.  The only thing remaining is, arguably, and claim that the Cred Debtors seek to assert against the Debtor, which can be done through a proof of claim.  Transferring venue to Delaware would not promote economic and efficient administration of the Debtor's estate.

2. Virtually all creditors of the Debtor (through representative offices) have presence in California and proximity to the Court weighs in favor or not transferring venue.  Other than the pending Cred Debtors' bankruptcy cases, even the Cred Debtors were based in California.  Finally, counsel for the Cred Debtors also maintains a Los Angeles, California office, which is evidence from the pleadings filed.

3. The Debtor resides in California and has his home in California.  Clearly, his proximity to court favors retaining the case in California.

4. The witnesses, if any, are California-based.  In fact, the primary witness, Daniel Schatt, is based in California as evidenced by his executed Declaration which is attached to the Debtor's initial Opposition as **Exhibit "D"**.

5. The Debtor's assets are located in California.  The Debtor has no assets in Delaware.

6. Finally, in light of the Debtor's agreement to turnover of all cryptocurrency assets, and this Court's order granting relief from stay to complete the turnover process, there is no need for ancillary administration by the Delaware court.  This court, with the local Chapter 7 Trustee, is well-equipped to address any issues that arise.

Finally, the Cred Debtors' reliance on Section 105(a) is misplaced. Section 105(a) implicates the equitable powers of the Bankruptcy Code. However, bankruptcy courts cannot, in the name of equity, ignore specific statutory mandates. *In re Geothermal Resources Int'l, Inc.*, 93 F.3d 648 (9th Cir. 1996). Here, the venue transfer statutes apply and, therefore, reliance on Section 105(a) is improper.

In this case, an experienced and qualified Chapter 7 trustee has been appointed to administer the Debtor's estate. Whether or not this is a solvent estate does not affect the foregoing since the trustee's role is to investigate claims, monetize assets, and distribute funds to creditors and equity (Debtor) pursuant to the priority scheme of the Bankruptcy Code. As this court is aware, there have been numerous Chapter 7 cases that have been solvent, resulting in full payment to creditors and a distribution to the debtor. Such a possible result does not warrant a transfer of venue.

For the foregoing reasons, the Debtor respectively requests that the Court deny the Cred Debtors' request for a change of venue.

Dated: March 15, 2021    JAMES ALEXANDER

By:    /S/ *David B. Golubchik*
    DAVID B. GOLUBCHIK
    LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
    Proposed Attorneys for Debtor-In-Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEBTOR'S SUPPLEMENT TO OPPOSITION TO REQUEST TO TRANSFER OF VENUE**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **March 15, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

| | |
|---|---|
| **HONORABLE MARTIN R. BARASH**<br>United States Bankruptcy Court<br>Central District of California<br>21041 Burbank Boulevard, Suite 342 / Courtroom 303<br>Woodland Hills, CA 91367 | *Debtor*<br>**James Alexander**<br>13535 Ventura Blvd<br> Ste C, PMB 405<br>Sherman Oaks, CA 91423 |

*Served via First Class Mail*

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 15, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 15, 2021 | Jason Klassi | */s/ Jason Klassi* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

6

**1:21-bk-10214-MB Notice will be electronically mailed to:**

Katherine Bunker on behalf of Interested Party Courtesy NEF
kate.bunker@usdoj.gov

Greg P Campbell on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

David B Golubchik on behalf of Debtor James Alexander
dbg@lnbyb.com, stephanie@lnbyb.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Gregory R Jones on behalf of Interested Party The Official Committee of Unsecured Creditors of Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC
gjones@mwe.com, rnhunter@mwe.com;cgreer@mwe.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Valerie Bantner Peo on behalf of Interested Party Courtesy NEF
vbantnerpeo@buchalter.com

Justin E Rawlins on behalf of Interested Party Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC
justinrawlins@paulhastings.com, shelbywidawski@paulhastings.com

Justin E Rawlins on behalf of Interested Party The Official Committee of Unsecured Creditors of Cred Inc., Cred (US) LLC, Cred Capital, Inc., Cred Merchant Solutions LLC, and Cred (Puerto Rico) LLC
justinrawlins@paulhastings.com, shelbywidawski@paulhastings.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov